UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS VELASQUEZ, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>SHOGY MARKETPLACE CORPORATION d/b/a MANHATTAN MARKETPLACE & ORGANICS, and HAFTHADYN SALEH,<br><br>Defendants. | Case No. 24-CV-2745 (PAE) (RFT) |

**SETTLEMENT AGREEMENT AND RELEASE**
**OF WAGE AND HOUR CLAIMS**

**WHEREAS,** Luis Velasquez (hereinafter, "Plaintiff") commenced an action against Shogy Marketplace Corporation and Hafthadyn Saleh (each singularly hereinafter referred to as "Defendant," and collectively hereinafter referred to as "Defendants") in the United States District Court for the Southern District of New York (hereinafter, the "Court"), presently bearing Case Number 24-CV-2745 (hereinafter, the "Action") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and related regulations;

**WHEREAS,** Defendants have contended that Plaintiff's allegations are unfounded and lack merit and, thus, a bone fide dispute exists as to the viability of Plaintiff's claims and whether, and to what extent, Defendants have any liability to Plaintiff for unpaid wages, overtime or other compensation;

**WHEREAS,** Plaintiff and Defendants (each singularly hereinafter referred to as a "Party," and collectively hereinafter referred to as "Parties") now desire to fully and finally resolve and settle in full all wage and hour claims that Plaintiff has, had, or may have against Defendants by way of this Settlement Agreement and Release ("Agreement");

**WHEREAS,** Plaintiff's counsel of record in the Action and Defendants' counsel of record in the Action have negotiated in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's respective claims, Defendants' respective defenses, and the *bona fide* dispute between the Parties;

**WHEREAS,** the Parties acknowledge that they have each entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone, after an arms-length negotiation between Plaintiff's Counsel and Defendants' Counsel, both of whom are experienced in actions of this nature; and

**WHEREAS,** the Parties acknowledge that they each understand the meaning and effect of the execution of this Agreement.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

**1. Consideration**

(a) In full and final satisfaction of all wage and hour disputes between the Parties, Defendants shall pay to the Plaintiff the sum of SEVENTEEN THOUSAND DOLLARS ($17,000) (the "Settlement Sum"), which shall be allocated as follows:

i. $10,761.88 to Plaintiff Luis Velasquez.

ii. $6,238.12 to Cilenti & Cooper, PLLC for attorneys' fees and costs.

(b) The Settlement Sum is to be paid in two (2) equal and consecutive monthly installments each in the amount of $8,500, commencing within ten (10) days after the Court's approval of this Agreement and dismissal of the Action and Plaintiff's claims with prejudice, and continuing every thirty (30) days until the Settlement Sum is paid in full.

(c) The Settlement Sum shall be paid by two (2) checks issued to "Cilenti & Cooper, PLLC, as attorneys," simultaneously (post-dated thirty-days apart) and shall be delivered to Cilenti & Cooper, PLLC at 60 East 42nd Street – 6th Floor, New York, NY 10165. Cilenti & Cooper, PLLC shall hold the second settlement check in escrow until the post-date on the check, and shall be responsible for distributing the Settlement Sum to Plaintiff.

(d) Corporate Defendant shall issue an IRS Form 1099 to Plaintiff's Counsel (upon receipt of a W-9 from Plaintiff's Counsel) for the amount of the Settlement Sum.

(e) Plaintiff is solely responsible for and will pay any and all taxes attributable to payments made by the Defendants to Plaintiff for unpaid wages and/or damages under this Agreement. If, for any reason, it is determined by any federal, state or local authority that the sums and payments set forth in this Paragraph 1, or any portion thereof, should have been subject to additional taxation or withholding, Plaintiff agrees that Plaintiff shall assume all responsibility for the payment of any taxes, interest and penalties assessed in connection therewith, and that Plaintiff shall indemnify and hold harmless Defendants from any withholding or tax payment, interest or penalties required to be paid by Corporate Defendant thereon, except for any of Defendants' share of any FICA payment that may be due. Defendants agree to notify Plaintiff's Counsel in writing of any assessment or claim of assessment against Plaintiff, and Plaintiff agrees that any payments for which Plaintiff has assumed responsibility hereunder shall be paid in full within

thirty (30) days after their receipt of a demand for payment. Plaintiff further agrees and understands that, in the event Defendants are required to enforce the terms of this indemnification and hold harmless provision, Plaintiff will reimburse Defendants for their reasonable attorneys' fees and costs associated with such enforcement.

(f) The Settlement Sum shall be paid to Plaintiff in exchange for full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving, or relating to Plaintiff's claims in the Action, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs.

**2. Default**

In the event that the Defendants fail to make the settlement payments in a timely manner pursuant to Paragraph 1 of this Agreement, or if either of the settlement checks is returned due to insufficient funds, Plaintiff shall provide notice of the default by email to counsel for Defendants: Mohammad Al Sawaeer, Esq., Sawaeer Law Office, PLLC, 6915 5th Avenue, 2nd Floor, Brooklyn, New York 11209, mohammad@sawaeerlaw.com. Defendants will then have ten (10) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire amount remaining to be paid at the time of default shall immediately become due and owing as of the 11th day following receipt of said notice, together with liquidated damages in the amount of $6,000, together with interest to commence as of that date at a rate of 9% per annum on the amount remaining to be paid under this Agreement. Plaintiff shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement, including the right to move on notice to Defendants to have judgment entered against Defendants, jointly and severally, as a result of the default, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

**3. Wage & Hour Release by Plaintiff**

In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with Defendants and any other compensation or wages. This release is limited solely and only to wage and hour claims that have arisen on,

or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any wage or hour claims that may occur after that date, or any non-wage and hour claims.

**4. Judicial Review/Dismissal of the Complaint**

Contemporaneously with the execution of this Agreement, the Parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal dismissing the Action with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The parties agree to submit this Agreement, together with the proposed Stipulation and Order of Dismissal, to the Court for Judicial review and approval.

**5. Non-Admission**

(a) This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order. Defendants explicitly deny any liability to Plaintiff in connection with the Action, Plaintiff's alleged employment by Defendants or any of them, or otherwise. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

(b) Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of Defendants that Plaintiff has suffered any damage. Additionally, the Parties agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

**6. Attorneys' Fees**

Except as set forth herein, the Parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. No party shall be responsible or liable for the payment of any attorneys' fees for the other party except as set forth herein.

7. **Acknowledgments**

(a) Plaintiff acknowledges and agrees that Plaintiff is not presently aware of any legal proceedings other than the Action currently pending between the Parties.

(b) Plaintiff acknowledges that he is receiving consideration under this Agreement to which he is not otherwise entitled. Plaintiff acknowledges that he was represented by counsel of his choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represents that he had sufficient opportunity to consider this Agreement; that he read this Agreement and/or had this Agreement explained to them fully and carefully and understand its terms; and that he is signing it knowingly and voluntarily.

(c) Plaintiff is not aware of any existing lien against Plaintiff's recovery in this Action, and agrees to release, hold harmless and indemnify the Releasees from any claim asserting a lien or claim against the Settlement Sum with respect to any liens, known or unknown, against Plaintiff's recovery in this Action, including that portion of the recovery representing fees for legal services.

(d) Plaintiff will not be entitled to any payment as set forth in this Agreement unless and until this Agreement becomes effective and until the aforementioned Stipulation and Order of Dismissal is 'So Ordered' by the presiding Judge in the Action.

(e) Plaintiff expressly understands that Plaintiff is not entitled to, and will not seek, attorneys' fees in connection with this matter, aside from any portion of the Settlement Sum attributable to attorneys' fees, as determined between Plaintiff and Plaintiff's Counsel.

(f) Plaintiff affirms that upon receipt of the Settlement Sum, Plaintiff has been paid and/or has received all compensation, wages, bonuses, tips, commissions, and/or benefits to which Plaintiff may be entitled from Defendants and Releasees.

8. **No Consideration Absent Execution of this Agreement**

Plaintiff understands and agrees that Plaintiff would not receive the consideration set forth in Paragraph 1 above, except for Plaintiff's execution and non-revocation of this Agreement, and the fulfillment of the promises contained herein. It is agreed and understood that Defendants do not have nor will have any obligation to provide Plaintiff with any other payments, benefits or other considerations at any time in the future, except as expressly provided for in Paragraph 1.

9. **Oral Modifications Prohibited**

This Agreement represents the entire agreement between the Parties with respect to the Action. This Agreement cannot be amended, supplemented, or modified nor may any provision

be waived, except by a written instrument executed by or on behalf of the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

**10. Choice of Law/Governing Law/Resolution of Dispute**

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction. Any dispute relating to the terms and conditions of this Agreement, including any alleged breach thereof, shall be resolved in the United States District Court for the Southern District of New York.

**11. Counterparts**

This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement, it being understood that both Parties need not sign the same counterpart. In the event that a signature is delivered by facsimile transmission or by e-mail delivery of a ".pdf" format data file, such signature shall create a valid and binding obligation of the Party executing, with the same force and effect as if such facsimile or ".pdf" signature page were an original thereof.

**12. Entire Agreement**

This Agreement contains all understandings between the Parties and supersedes all prior agreements and understandings between such Parties. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to Plaintiff other than those contained in this Agreement.

**13. Representations by Plaintiff**

Plaintiff hereby represents and acknowledges that: (a) Plaintiff carefully read the Agreement and understands its terms because Plaintiff's Counsel translated the Agreement to him from English to Spanish; (b) Plaintiff has been advised to consult, and has consulted, with an attorney regarding this Agreement, and was fully and fairly represented by Plaintiff's Counsel in connection with the review, negotiation and signing of this Agreement; (c) the consideration provided in this Agreement is sufficient to support the Release in this Agreement; (d) Plaintiff knows he is giving up important rights; and (e) Plaintiff is signing this Agreement voluntarily and of his own free will.

**14. Waiver**

The failure of any Party to this Agreement to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for Plaintiff and for Defendants and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any Party.

**15. Section Headings**

Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement

**16. Competence to Waive Claims**

At the time of considering or executing this Agreement, Plaintiff was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff is competent to execute this Agreement and knowingly and voluntarily waive any and all claims Plaintiff may have against the Releasees. Plaintiff certifies that Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair Plaintiff's right or ability to waive all claims Plaintiff may have against the Releasees.

[***Signature Page Follows***]

WHEREFORE, Plaintiff and Defendants, intending to be legally bound hereby, have executed the foregoing Settlement Agreement & Release.

PLAINTIFF:

LUIS VELASQUEZ 12/03/2024 Date

DEFENDANTS:

SHOGY MARKETPLACE CORPORATION

By: 12/12/2024 Date
Name: Hafthadyn Saleh
Title: officer of the corporation

HAFTHADYN SALEH 12/12/2024 Date