UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

LUIS VELASQUEZ,

                                    Plaintiff,

                -v-

SHOGY MARKETPLACE CORPORATION *and*
HAFTHADYN SALEH,

                                 Defendants.

24 Civ. 2745 (PAE) (RFT)

OPINION & ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

       Before the Court is plaintiff Luis Velasquez unopposed motion to enforce a settlement agreement. On April 11, 2024, Velasquez sued defendants Shogy Marketplace Corporation ("Shogy") and its owner, Hafthadyn Saleh, for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and New York Labor Law, § 195 *et seq.* Dkt. 3. On May 1, 2024, the Court referred the case to United States Magistrate Judge Robyn F. Tarnofsky for general pretrial supervision. Dkt. 6. On May 24, 2024, after an order to show cause, *see* Dkt. 10, defendants answered. Dkt. 16. On July 24, 2024, Judge Tarnofsky held an initial pretrial conference with the parties, Dkt. 22, and referred the case to the Court-sponsored mediation program. Dkt. 23. On November 13, 2024, this Court, having been advised that all claims had been settled in principle, issued an order dismissing the case without prejudice to the right to reopen the action within 30 days. Dkt. 31. On December 19, 2024, after an extension, the parties jointly requested the Court's approval of the settlement agreement. Dkt. 34; *see also id.*, Ex. 1 (the "Agreement"). The Court approved the Agreement on December 20, 2024. Dkt. 35.

       Under the Agreement, defendants were to pay Velasquez a total of $17,000 in two monthly installments of $8,500, beginning on December 30, 2024. Agreement at 2. The

1

Agreement contains an acceleration clause providing that, in the event of defendants' default, after a 10-day cure period, the balance owed at the time of default immediately becomes due, in addition to $6,000 in liquidated damages plus reasonable attorneys' fees and costs. *Id.* at 2–3. The Agreement also gives Velasquez a right to seek entry of judgment against defendants for the balance owed at the time of default. *See id.* at 3.

Defendants failed to make the first payment and did not cure the lapse within the 10-day grace period. *See* Dkt. 38 ("Pl. Mem.") at 2. On January 7, 2025, and on several occasions thereafter, Velasquez notified defense counsel of the default and informed defendants that he would seek entry of judgment against them if the default was not cured. *See id.* at 3. On January 21, 2025, Velasquez filed a motion, along with a supporting memorandum of law and declaration, to enforce the settlement. Dkts. 36–38. Velasquez seeks to recover $25,220 against defendants, jointly and severally, a figure which consists of $17,000 in unpaid principal, $6,000 in liquidated damages for default, and $2,220 in reasonable attorneys' fees. Pl. Mem. at 3. On January 22, 2025, the Court issued an order stating that, to the extent defendants oppose Velasquez's motion, they were to file an opposition no later than January 29, 2025. Dkt. 39. No such response was filed.

Velasquez's motion to enforce the settlement is hereby granted. At the threshold, the Court retains subject matter jurisdiction over the action. "Actions to enforce settlement agreements are, in essence, contract actions which are governed by state law and which do not themselves raise a federal question unless the court which approved the settlement retained jurisdiction." *AmTrust N. Am., Inc. v. MBA Network, LLC*, No. 18 Civ. 6241, 2020 WL 8609020, at *2 (S.D.N.Y. Dec. 2, 2020) (citation omitted). To retain jurisdiction to enforce a settlement agreement, "a district court's order of dismissal must either (1) expressly retain

jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." *Id*. (citing *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 381 (1994)). In so doing, the district court "necessarily makes compliance with the terms of the settlement agreement a part of its order so that a breach of the agreement would be a violation of the order." *StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 305 (2d Cir. 2014) (cleaned up) (citing *Roberson v. Giuliani*, 346 F.3d 75, 82 (2d Cir. 2003)). The court may "enforce the settlement as an exercise of its ancillary jurisdiction to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* (quoting *Kokkonen*, 511 U.S. at 380).

Here, the parties' settlement agreement, which the Court approved and entered, expressly states that "the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement." Agreement ¶ 4. The Court's order of dismissal also so-ordered the parties' stipulation that the Court retains jurisdiction for enforcement purposes. *See* Dkt. 35 at 4; *see also Dannhauser v. TSG Reporting, Inc.*, No. 16 Civ. 747, 2019 WL 2950142, at *7 (S.D.N.Y. June 21, 2019) ("A district court can expressly retain jurisdiction by, for example, 'so-ordering' a stipulation of dismissal that contains a provision stating: 'This Court shall retain jurisdiction over the settlement agreement for enforcement purposes.'" (citing *Roberson*, 346 F.3d at 78)). The exercise of subject matter jurisdiction is thus appropriate. *See Chertok*, 752 F.3d at 305–06; *MBA Network*, 2020 WL 8609020, at *2 (exercising jurisdiction under similar circumstances).

The Agreement is enforceable and defendants are in clear breach of its terms. "A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *BCM Dev., LLC v. Oprandy*, 490 F. App'x 409, 409 (2d Cir. 2013) (citing *Meetings & Expositions, Inc. v. Tandy Corp*., 490 F.2d 714, 717 (2d Cir. 1974)). "Stipulations of settlement are favored by the courts and not lightly cast aside." *Hallock v. State*,

3

64 N.Y.2d 224, 230 (1984). "A settlement agreement is a contract that is interpreted according to general principles of contract law." *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007).

Under New York law, which governs the Agreement, *see* Agreement ¶ 10, the elements of a breach-of-contract claim are (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages. *See Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation." *BCM Dev.*, 490 F. App'x at 409 (quoting *Hallock*, 64 N.Y.2d at 230).

Neither defendant has contested the enforceability of the Agreement. And there is no dispute that Velasquez has performed his obligations under the Agreement, or that defendants are in default of their scheduled payments. *See* Pl. Mem. at 2–3. Velasquez is therefore entitled to an order enforcing the settlement agreement and an award of damages in the amount of $25,220. *See Rossi v. Stevens*, 651 F. App'x 55, 57 (2d Cir. 2016) (proper remedy for breach of settlement agreement is "an award of damages").

## CONCLUSION

For the foregoing reasons, the Court grants Velasquez's motion to enforce the settlement agreement. Defendants are ordered to pay $25,220 to Velasquez forthwith. The Clerk of Court is respectfully directed to terminate the motion pending at Docket 36. The case remains closed.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: March 7, 2025
New York, New York