UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUIS VELASQUEZ,

        Plaintiff,

-v-

SHOGY MARKETPLACE CORPORATION *and*
HAFTHADYN SALEH,

        Defendants.

24 Civ. 2745 (PAE)

<u>ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

 On March 7, 2025, this Court issued an opinion and order granting plaintiff Luis Velasquez's motion to enforce a settlement agreement and ordered defendants to pay $25,220 to Velasquez forthwith. Dkt. 40 ("Opinion and Order"). On April 7, 2025, Velasquez filed a letter on the docket of this case attesting that defendants have since failed to make the required payment and have otherwise failed to respond to plaintiff's communications. Dkt. 41. On April 8, 2025, this Court ordered that defendants, through their counsel, show cause why an order should not be issued holding defendants in contempt of court for failure to comply with the Court's Opinion and Order. Dkt. 42.

 On April 9, 2025, counsel for defendants moved to withdraw as counsel based on defendants' failure to respond to counsel's repeated communication attempts. Dkt. 43. On April 10, 2025, the Court directed counsel for defendants to file an affidavit that summarizes communications with the defendants since March 7, 2025, and to set forth, to the extent such a basis exists, why the Court should not hold defendants in contempt of court for failure to comply with the Opinion and Order. Dkt. 44. On April 15, 2025, counsel for defendants filed such an affidavit, reflecting multiple emails to their clients to which defendants did not respond. Counsel

attested that, "[d]ue to the lack of communication between the undersigned and the defendants, the undersigned is unaware of any causes or justifications for the defendants' noncompliance with the terms of the stipulation of the settlement." Dkts. 45–46.

The Court hereby finds defendants Hafthadyn Saleh and Shogy Marketplace Corporation ("Shogy Marketplace") in contempt for failure to participate as ordered in the proceedings to enforce the settlement agreement. Plaintiffs are invited to file on ECF, by May 5, 2025, an application for appropriate sanctions, citing apposite legal authority. The Court further directs defendants' counsel to serve on defendants forthwith a copy of this Order and to file an affidavit on the docket attesting to such service no later than Friday, April 18, 2025.

Because Shogy Marketplace is a corporation and cannot proceed *pro se*, *see United States v. Doonan*, No. 19 Civ. 9578, 2020 WL 1547849, at *1 (S.D.N.Y. Feb. 13, 2020), Shogy must retain new counsel if the Court is to permit existing counsel to withdraw. The Court directs Shogy to cause new counsel to file a notice of appearance on the docket by no later than May 5, 2025. Failure to do so will result in the Court's treating Shogy, following the permitted withdrawal of its existing counsel, as in default and as not opposing any well-founded requests by plaintiff for relief. If Saleh, an individual defendant, chooses to represent himself, he shall, by the same date, file a Notice of Pro Se Appearance that secures him ECF filing privileges. The Notice of Pro Se Appearance is available on the Court's website at https://nysd.uscourts.gov/node/826. If by May 5, 2025, the corporate defendants have failed to appear through new counsel or the individual defendants have failed to appear through new counsel or *pro se*, the Court will at that point permit counsel for defendant, Mohammad Faiz Alsawaeer, Esq., to withdraw as defendants' counsel, and Velasquez thereafter may commence default proceedings against them.

2

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: April 16, 2025
       New York, New York