UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS VELASQUEZ,<br><br>                              Plaintiff,<br><br>         -v-<br><br>SHOGY MARKETPLACE CORPORATION *and*<br>HAFTHADYN SALEH,<br>                              Defendants. | 24 Civ. 2745 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

On March 7, 2025, this Court issued an Opinion and Order granting plaintiff Luis Velasquez's motion to enforce a settlement agreement, and ordered defendants to pay $25,220 to Velasquez forthwith. Dkt. 40 ("Opinion and Order"). On April 7, 2025, Velasquez filed a letter representing that defendants had failed to make that payment and to respond to communications. Dkt. 41. On April 8, 2025, the Court ordered that defendants, through counsel, show cause why an order should not be issued holding defendants in contempt for failure to comply with these orders. Dkt. 42. On April 9, 2025, counsel for defendants moved to withdraw as counsel based on defendants' failure to respond to counsel's outreach. Dkt. 43. On April 16, 2025, the Court held defendants in contempt for failure to participate to comply with its orders, including with respect to enforcement of the settlement agreement. The Court separately, granted defendants' counsel's motion to withdraw. Dkt. 53.

Before the Court is Velasquez's May 20, 2025 motion asking that the Court either award judgment against defendants, jointly and severally, in the amount of $25,220; or, in the alternative, enter an order imposing coercive and criminal sanctions against defendants. Dkt. 51.

The Court grants the motion to the extent it seeks entry of a damages award against defendants. In approving the parties' settlement agreement, the Court agreed to retain jurisdiction over it for enforcement purposes. *See* Dkts. 35, 40; *see also Dannhauser v. TSG Reporting, Inc.*, No. 16 Civ. 747, 2019 WL 2950142, at *7 (S.D.N.Y. June 21, 2019) ("A district court can expressly retain jurisdiction by, for example, 'so-ordering' a stipulation of dismissal that contains a provision stating: 'This Court shall retain jurisdiction over the settlement agreement for enforcement purposes.'" (citing *Roberson v. Giuliani*, 346 F.3d 75, 78 (2d Cir. 2003))). For the reasons stated in the Court's March 7, 2025 Opinion and Order, the settlement is enforceable and defendants are in clear breach of its terms by failing to pay Velasquez $25,220, plus reasonable attorneys' fees and costs. The Court, accordingly, respectfully directs the Clerk of Court to enter judgment against defendants in that amount for their failure to satisfy their payment obligations, and to close the motion pending at Docket 51.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: July 28, 2025
New York, New York